UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-67 |
| JAIME JAUREGUI | SECTION A |

### ORDER AND REASONS

In October of 2014, defendant Jaime Jauregui was tried and convicted of illegally possessing firearms and for conspiracy. The Court sentenced Jauregui on March 17, 2015. (Rec. Doc. 200). Jauregui's conviction was affirmed on appeal and the United States Supreme Court denied Jauregui's petition for a writ of certiorari.

Jauregui, appearing pro se, now moves the Court to grant him access to all grand jury materials pertaining to his indictment (along with transcripts) and to the "grand jury lists." Jauregui advises that he requires these materials because he intends to file a § 2255 motion to challenge his conviction.

The Government opposes any such production arguing that Jauregui is embarking on nothing more than a fishing expedition in the hope of discovering some basis for which to collaterally challenge his conviction.

As to the request for grand jury materials, the burden is on Jauregui to show "a particularized need" for the materials that outweighs the policy of grand jury secrecy. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959)). In order to meet this burden, Jauregui must demonstrate that 1) the material he seeks is needed to avoid a possible

13-CR-67 *United States of America v. Jauregui*
Motion for Discovery of Jury Lists and Grand Jury Materials (Rec. Doc. 223)
Page 1 of 3

injustice in another judicial proceeding, 2) the need for disclosure is greater than the need for continued secrecy, and 3) his request is structured to cover only material so needed. *Id.* (quoting *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 221-22 (1979)). This showing must be made "even when the grand jury whose transcripts are sought has concluded its operations." *Id.*

Jauregui has not shown a particularized need under any of the *Douglas Oil* elements listed above. The Government's characterization of Jauregui's motion to obtain grand jury materials as a fishing expedition is correct. Jauregui's circular argument that the materials themselves will be the best evidence of need cannot carry the day.

Jauregui also seeks the Eastern District of Louisiana's jury selection records, to which he asserts he would have been entitled under 28 U.S.C. § 1867(f), had his counsel made a timely request.

Jauregui's request for jury records under § 1867 is untimely because that statute requires that any motion to quash be filed before voir dire begins in a criminal case, or within seven days after the defendant discovers by the exercise of diligence the grounds for his motion to quash, *whichever is earlier*. 28 U.S.C. § 1867(a). Jauregui's attempt to evade this time-bar by making unsupported claims of ineffective assistance of counsel is unavailing. Likewise, Jauregui's suggestion that he can evade the statutory time-bar by simply labeling his claim as a constitutional one is unconvincing.

13-CR-67 *United States of America v. Jauregui*
Motion for Discovery of Jury Lists and Grand Jury Materials (Rec. Doc. 223)
Page 2 of 3

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Discovery of Jury Lists and Grand Jury Materials (Rec. Doc. 223)** is **DENIED**.

December 21, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

13-CR-67 *United States of America v. Jauregui*
Motion for Discovery of Jury Lists and Grand Jury Materials (Rec. Doc. 223)
Page 3 of 3