UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                       NO: 13-67

JAIME JAUREGUI                               SECTION: "A"(2)

## ORDER AND REASONS

Before the Court is defendant Jaime Jauregui's **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Rec. Doc. #229). The government filed an opposition to this motion (Rec. Doc. #237). The Court has carefully reviewed all matters pertinent to the motion in this criminal case. Based upon this review, the Court's clear recollection and understanding of the proceedings, and application of governing legal authorities, defendant is entitled to no relief under 28 U.S.C. § 2255 and the Motion is **DENIED.**

## I. Background

A federal grand jury sitting in the Eastern District of Louisiana returned an indictment and superseding indictment charging petitioner Jaime Jauregui with the following: Count 1 – Conspiracy to Violate the Gun Control Act & the National Firearms Act in violation of 18 U.S.C. §371; Count 2 – Possession of unregistered firearms in violation of 26 U.S.C. §5841(a)(1), 586(d) and 5871. On October 29, 2014, Jaime Jauregui was found guilty by a jury on counts one and two and sentenced on March 18, 2015 to 60 months imprisonment as to Count 1 and 120 months imprisonment to Count 2, to run concurrently. (Rec. Doc. #200). On March 17, 2015, Jauregui filed a notice of

1

appeal. On February 16, 2016, the Fifth Circuit Court of Appeals affirmed the District Court's judgment. (Rec. Doc. #221). On May 31, 2016, the United States Supreme Court denied Jaime Jauregui's writ of certiorari (Rec. Doc. #222). Jauregui certified that he mailed the instant motion to vacate pursuant to 28 U.S.C. 2255 on May 26, 2017. He raises the allegation of ineffective assistance of counsel at trial and on appeal, for not being allowed to exercise his constitutional right to testify at trial, as well as issues regarding the jury venire and the Government's exclusion of prospective jurors based on race.

## II. Legal Standard

### A. Motions to Vacate Pursuant to 28 U.S.C. § 2255

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *Kuhn v. U.S.*, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *U.S. v.*

*Petrus*, 44 F.3d 1004 (5th Cir. 1994) (citing *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. U.S.*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *U.S. v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. U.S.*, 575 F.2d 515 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

An accused is entitled, as a matter of constitutional law, to assistance of counsel on a direct appeal. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (citing *Douglas v. Cal.*, 372 U.S. 353 (1963)). The representation must be effective. *Id.* (citing *Evitts v. Lucey*, 469 U.S. 387 (1985); *Lombard v. Lynaugh*, 868 F.2d 1475, 1481 (5th Cir. 1989)).

To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Grammas*, 376 F.3d at 436 (citing *Strickland*, 466 U.S. at 687). That standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting *U.S. v. Conley*,

3

349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *Grammas*, 376 F.3d at 436. "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). Any amount of jail time has Sixth Amendment implications that can satisfy *Strickland*'s prejudice prong. *Grammas*, 376 F.3d at 436 (quoting *Conley*, 349 F.3d at 842). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

## III. Discussion

### Ground one:  Ineffective Assistance of Counsel for not allowing defendant to testify at trial

Jauregui first argues that he received ineffective assistance of trial counsel because he was denied his constitutional right to testify at trial.  Jauregui claims that he wanted to testify on his own behalf but his counsel unlawfully and unilaterally deprived him of that constitutional right by misinforming him as to who decided whether he be called as a witness.  Therefore, the jury did not have an opportunity to hear his version of the events. Jauregui presents no evidence that his counsel prevented him from testifying or that his testimony would have persuaded the jury to change its guilty verdict.

A claim of ineffective assistance of trial counsel for failing to allow the defendant to testify can not succeed unless the defendant can "overcome a strong presumption that

4

counsel's decision not to place him on the stand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2011). The Fifth Circuit has held that a defendant's conclusory claim that he was denied the right to testify by his counsel is not enough to allow an evidentiary hearing for a § 2255 motion. *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999).

Furthermore, counsel's performance can only be considered ineffective if the defendant can prove that he was prejudiced by it. The Court does not see how the defendant's "version of the events" would have been more persuasive than the evidence presented to the jury. Further, had he taken the witness stand the government would have had the opportunity to question the defendant about his prior criminal history. Considering that defense counsel vehemently objected when a witness referenced the defendant's criminal history and was later the sole issue on Jauregui's appeal, it would not have benefitted the defendant to take the witness.

In this ground, Jauregui has not demonstrated either prong of the *Strickland* test for ineffective assistance of counsel Ground One and is **DENIED** without an evidentiary hearing.

### Ground 2: Ineffective Assistance of Appellate Counsel for failing to Raise Sixth Amendment issue on Appeal

The standard for ineffective assistance of appellate counsel is the same as discussed in the previous section regarding trial counsel. Furthermore, the Fifth Circuit has found that the appellate counsel does not render ineffective assistance for failing to "raise a claim that courts in the controlling jurisdiction have repeatedly rejected." *United States v. Fields,* 565 F.3d. 290, 294 (5th Cir. 2009).

In order to establish a prima facie violation of the fair cross section requirement

5

of the Sixth Amendment, the defendant must show:

1. that the group alleged to be excluded is a "distinctive" group in the community;

2. that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community;

3. that this underrepresentation is due to systematic exclusion of the group in the jury selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). The Fifth Circuit has held that the defendant's failure to meet any one of the *Duren* elements defeats the defendant's claim. *United States v. Williams*, 264 F.3d 561, 568-69 (5th Cir. 2001). In regard to the third element, the court of appeals has stated that "an independent showing that the discrepancy is systematic" is required for a claim to succeed under the cross-section analysis. *Paredes v. Quarterman*, 574 F.3d 281, 290 (5th Cir. 2009).

As the Government points out in its memorandum in opposition, the Eastern District of Louisiana has repeatedly been confronted with claims that minority displacement from Hurricane Katrina caused a systemic misrepresentation in its Jury Selection Plan. *See United States v. Jefferson*, 2011 WL 161937, at *3 (E.D. La. Jan. 14, 2011) (Lemelle, J.); *United States v. Hardy*, 2006 WL 1663813, at *2 (E.D. La. May 3, 2006) (Berrigan, J.); *United States v. Jones* 2006 WL 278248, at *3 (E.D. La. Feb. 3, 2006) (Africk, J.). However, the Court has concluded that "any underrepresentation, if it exists, was caused by natural disaster, and not by any systematic flaw or subjectivity in the Jury Selection Plan." *Hardy*, 2006 WL 1663813, at *2. For example, in *United States v. Jefferson*, the District Court found that any underrepresentation of African-Americans in the jury venire was not due to systematic exclusion and, thus, the

6

defendant's Sixth Amendment claim failed to meet the *Duren* test. 2011 WL 161937, at *3.

The Court finds that appellate counsel was not ineffective for not pursuing this meritless issue on appeal because it has been repeatedly rejected by the courts of the Eastern District of Louisiana. Furthermore, Jauregui's claim fails to meet the third prong of the *Duren* test. Therefore the ineffective appellate counsel claim is **DENIED** without an evidentiary hearing.

> **Ground 3:  Jury Venire was not drawn from a fair cross-section of the community resulting in the Government's exclusion of prospective jurors based on race contrary to the Sixth Amendment and Appellate Counsel failed to raise it on direct appeal.**

The Court of Appeals reviews the striking party's neutral explanation *de novo*, and the explanation only need be race-neutral and honest. *Williams* at 571. In this case the Government gave reasons for striking three African American jurors.  Juror #7 was struck because she was a teacher.  A non-minority teacher was also struck. Juror #8 was struck because of comments he made regarding his testifying at a trial that he believed was not a fair trial.  Juror #14 was struck because his wife was disabled and he was severely disinterested throughout the voir dire process.  This Court found these reasons to be non-race related. The Fifth Circuit has held that "[appellate] [c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a meritless claim." *Simth v. Puckett*, 909 F.2d. 581, 585 n.6 (5th Cir. 1990). Therefore, the Government's exclusion of jurors was not race related and Jauregui's appellate counsel was not ineffective.  As such, ground 3 is **DENIED** without an evidentiary hearing.

> **Ground 4:  Ineffective Assistance of Counsel for Failing to Introduce Exculpatory Evidence.**

Jauregui alleges that he received ineffective assistance of counsel because his attorney failed to introduce videotapes produced by the Government that he claims supported his entrapment defense.

As stated in the Government's opposition, this claim fails because it challenges the attorney's conscious and informed trial tactics and is based on the meritless assertion that such exculpatory footage exists. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199 (5th Cir. 1983).

Jauregui has made no showing and the Court has no reason to believe that exculpatory footage exists. Therefore ground 4 is **DENIED** without an evidentiary hearing**.**

**Ground 5: Ineffective Assistance of Counsel in Jury Selection.**

Jauregui claims that his trial counsel was ineffective because he did not object to the removal of Juror 22. Jauregui also claims that his trial counsel was ineffective because Jurors 12, 13, 20, 21 and 34 should have been removed for cause. Jurors 12 and 34 served as jurors in the trial.

The Court agrees with the Government's opposition. The Fifth Circuit has held that counsel's action during voir dire is a matter of trial strategy and, thus, cannot be challenged under an ineffective assistance claim unless the tactics are proven to be "so ill chosen that it permeates the entire trial with obvious unfairness." *Teague v. Scott*, 60 F.3d 1167, 117d (5th Cir. 1995) (quoting *Garland, supra* at 206). The defendant is required to show "specific facts demonstrating such a close connection between [the

juror] and the circumstances at hand that bias is implied as a matter of law." *Id.* This Court has held that "to establish prejudice, petitioner must show that, but for his attorney's failure to challenge the juror, the results of the proceeding would have been different." Forman v. Cain, No. 07-4200, 2008 WL 1746710, at *6 n.11 (E.D. La. Apr. 14, 2008) (Zainey, J.). For example, in Forman v. Cain, this Court found that a habeas corpus petitioner could not prove that, but for his trial counsel's failure to challenge a juror, he would have been acquitted of his crime because "the evidence of . . . petitioner's guilt is overwhelming." Id.

In this case, Jauregui fails to show that the jurors were biased or that he would have received a different verdict because the Court finds that the evidence of guilt is overwhelming. Therefore, ground 5 is **DENIED** without an evidentiary hearing.

**Ground 6: Ineffective Assistance of Appellate Counsel**

This claim is frivolous because appellate counsel is not ineffective for failing to raise meritless claims. Therefore, Ground Six is **DENIED** without an evidentiary hearing.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. # 229)** filed by defendant Jaime Jauregui is **DENIED.**

New Orleans, Louisiana this 8th day of January 2018.

_____
Judge Jay C. Zainey
United States District Judge